UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARILYN LEVINE, | : | |
|       Plaintiff, | : | |
| v. | : | No. 1:13-cv-02411-CBA-VMS |
| FIRST FINANCIAL ASSET MANAGEMENT, INC., | : | **ANSWER** |
|       Defendant. | : | |

The defendant, First Financial Asset Management, Inc., by and through the undersigned counsel, for its Answer to the Complaint herein, hereby denies each and every averment, except as expressly stated below as follows:

1. Admits that plaintiff purports to bring this action on her own behalf and others allegedly similarly situated and otherwise denies the allegations of this Paragraph 1.

2. Admits that plaintiff alleges that certain alleged practices violate the FDCPA, denies liability thereunder and otherwise denies the allegations of this Paragraph 2.

3. Denies as stated and refers to the FDCPA for the content thereof.

4. This paragraph states mere legal conclusions that do not require a response. To the extent any response is required, denies that this paragraph correctly or completely sets forth relevant law.

5. Denies as stated and refers to the FDCPA for the content thereof.

6. Denies as stated and refers to the FDCPA for the content thereof.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 7 and therefore denies same and leaves the plaintiff to her proof.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 8 and therefore denies same and leaves the plaintiff to her proof.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 9 and therefore denies same and leaves the plaintiff to her proof.

10. Admits.

11. Admits, but denies knowledge as to whether defendant so acted with respect to the plaintiff and therefore denies same and leaves the plaintiff to her proof.

12. Admits that defendant sometimes acts as a "debt collector," but denies knowledge or information sufficient to form a belief as to whether defendant so acted with respect to the plaintiff and therefore denies same and leaves the plaintiff to her proof.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 13 and therefore denies same and leaves the plaintiff to her proof.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 14 and therefore denies same and leaves the plaintiff to her proof.

15. Admits that defendant began to attempt to collect an amount from plaintiff and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 15, and therefore denies same and leaves the plaintiff to her proof.

16. Admits that defendant attempted to reach plaintiff by phone on one or more occasions, left a message on one or more occasions and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 16, and therefore denies same and leaves the plaintiff to her proof.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 17 and therefore denies same and leaves the plaintiff to her proof.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 18 and therefore denies same and leaves the plaintiff to her proof.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 19 and therefore denies same and leaves the plaintiff to her proof.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 20 and therefore denies same and leaves the plaintiff to her proof.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 21 and therefore denies same and leaves the plaintiff to her proof.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 22 and therefore denies same and leaves the plaintiff to her proof.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 23 and therefore denies same and leaves the plaintiff to her proof.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 24 and therefore denies same and leaves the plaintiff to her proof.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 25 and therefore denies same and leaves the plaintiff to her proof.

26. Denies.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 27 and therefore denies same and leaves the plaintiff to her proof.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 28 and therefore denies same and leaves the plaintiff to her proof.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 29 and therefore denies same and leaves the plaintiff to her proof.

30. Denies.

31. Denies.

32. Denies.

33. Denies.

34. Denies.

35. Denies.

36. Denies.

37. Denies.

38. Denies.

39. This paragraph states mere legal conclusions that do not require a response. To the extent any response is required, denies that this paragraph correctly or completely sets forth relevant law.

40. Denies.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 41 and therefore denies same and leaves the plaintiff to her proof.

42. Denies.

43. Denies.

44. Denies.

45. Admits that plaintiff brings this action purportedly as a class action but denies that class treatment is appropriate.

46. Admits that this Paragraph 46 purports to define a class but denies that such class definition is appropriate, or that class treatment is warranted.

47. Denies.

48. Admits that this Paragraph 48 purports to define a class but denies that such class definition is appropriate, or that class treatment is warranted.

49. Denies.

50. Denies.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 51 and therefore denies same and leaves the plaintiff to her proof.

52. Denies.

53. Denies.

54. Denies.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 55 and therefore denies same and leaves the plaintiff to her proof.

56. Defendant repeats and realleges the answers to Paragraphs 1 through 55 of the Complaint as its answers to this Paragraph 56 as though fully set forth herein.

57. Denies.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that any violation of the FDCPA was unintentional, resulting from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, the defendant requests that the plaintiff's Complaint be dismissed with prejudice and that the court grant defendant such other relief as may be required by the interests of justice, including without limitation, costs of defense, including a reasonable attorney fee.

Date: June 25, 2013

DEFENDANT
FIRST FINANCIAL ASSET MANAGEMENT, INC.

By: _____/s/_____
        Jonathan D. Elliot

   Zeldes, Needle & Cooper, P.C.
   1000 Lafayette Blvd., Suite 500
   Bridgeport, CT 06604
   Tel: 203-333-9441
   Fax: 203-333-1489
   Email: jelliot@znclaw.com

Its Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that on June 25, 2013, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

                                                    /s/
                                  Jonathan D. Elliot